

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-86,421-01

### EX PARTE JAMES MICHAEL RESER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-0702-K277A IN THE 368th DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon (count one) and illegal restraint (count two). He was sentenced to fifteen years' imprisonment in count one and ten years' imprisonment in count two. The Third Court of Appeals affirmed his conviction. *Reser v. State*, No. 03-15-00469-CR (Tex. App.—Austin Oct. 25, 2016) (not designated for publication).

Applicant contends, *inter alia*, that his retained appellate counsel rendered ineffective

assistance because counsel missed filing deadlines resulting in the appellate court issuing mandate in this cause. Applicant further contends that counsel's actions deprived him of the opportunity to pursue a petition for discretionary review.

The trial court, based upon the record, finds that appellate counsel missed the deadline for filing a petition for discretionary review and the time for filing any motion for extension of time, thus depriving Applicant of the opportunity to pursue a petition for discretionary review. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals in Cause No. 03-15-00469-CR that affirmed his conviction in Cause No. 12-0702-K277 from the 368th District Court of Williamson County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: March 8, 2017
Do not publish